John P. Courtney, Esq. Informal Opinion No. 99-02 Amagansett Fire Distric P.O. Box 720 249 Main Street Amagansett, New York 11930
Dear Mr. Courtney:
You have requested an opinion regarding whether Town Law § 176-b(10) prohibits membership in both a volunteer fire company and a volunteer ambulance company within the same department.
Town Law § 176-b(10) provides that "[a] person shall not be eligible to volunteer membership in more than one fire company at one time." This provision does not distinguish between types of fire companies. Volunteer fire companies may be formed for provision of emergency rescue and first aid services. Town Law § 176(10), (13); see, General Municipal Law § 209-i(1-a) (reference to general or emergency ambulance services provided by volunteer fire companies). In construing a parallel provision governing village fire departments, we concluded that a member of a fire company is ineligible to become a member of another fire company, whether the company is formed for firefighting or emergency and general ambulance services. 1987 Op Atty Gen (Inf) 101 and 1986 Op Atty Gen (Inf) 120.
As we stated in our 1987 opinion, although a person may not become a member of two fire companies, a volunteer firefighter who, because of his residence or usual occupation, is regularly in the area served by a volunteer fire company or department of which he is not a member may volunteer his services on an on-going basis to the officer in command of the company or department for the purpose of assisting in the provision of general or emergency ambulance services. 1987 Op Atty Gen (Inf) 101 (citing General Municipal Law § 209-i[1-a]). Once the volunteer's services are accepted, he is entitled to all powers, rights, privileges and immunities granted by law to volunteer firefighters during the time such services are rendered. Id. Therefore, while Town Law §176-b(10) prohibits a person from becoming a member of more than one fire company, he is not prohibited from assisting another fire company or department in the provision of general or emergency ambulance services.
We conclude that Town Law § 176-b(10) prohibits a person from becoming a member of more than one fire company, whether the company is formed for firefighting or emergency and general ambulance services. However, a member of one company may assist another company or department in the provision of emergency and general ambulance services.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE, Assistant Attorney General